IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUAN CARLOS ORDUNA MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-280-RP |
| | § | |
| PAM BONDI, *in her official capacity as* | § | |
| *Attorney General of the United States*, et al., | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Before the Court is Petitioner Juan Carlos Orduna Martinez's (Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Petitioner invokes 28 U.S.C. § 2243 and asks the Court to order Respondents Pam Bondi, United States Attorney General; Kristi Noem, Secretary of the United States Department of Homeland Security; Miguel Vergara, Field Office Director for Detention and Removal, U.S. ICE; Charlotte Collins, Warden, T. Don Hutto Detention Center; United States Immigration and Customs Enforcement ("ICE"); United States Department of Homeland Security; and Executive Office for Immigration Review (together, "Respondents") to show cause within three days as to why the petition should not be granted.

The statutory provision that Petitioner invokes, 28 U.S.C. § 2243, instructs that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243. Petitioner has alleged that he is entitled to a writ because (1) he is being wrongfully detained without bond under the interpretation of the Immigration and Nationality Act's ("INA") mandatory

and discretionary detention provisions that was adopted by the Board of Immigration Appeals

("BIA") in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025);[1] (2) his detention without legal

justification and without a chance to seek redetermination of his custody status violates his rights to

substantive and procedural due process guaranteed by the Fifth Amendment; (3) his detention

violates the Administrative Procedure Act ("APA"); and (4) he is a member of the bond-eligible

class in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---,

2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). (Pet., Dkt. 1, at 20–28). Petitioner asks the Court to

declare that his detention was an unlawful exercise of authority; to order Respondents to file with

the Court a copy of the administrative file from the Department of Justice and the Department of

homeland Security; and to grant the writ of habeas corpus ordering Respondents to release

Petitioner or to conduct a bond hearing that "correctly applies the statutes and no longer mis-

classifies him as a subject to mandatory detention, [or] in the alternative order a hearing under *Matter

of Joseph*." (*Id.* at 28–29). Finally, while this case is pending, Petitioner asks the Court to enjoin ICE

from transferring him outside of the Western District of Texas. (*Id.* at 29). The Court will order

Respondents to show cause as to why Petitioner's writ should not be granted within the next three

days in accordance with § 2243.[2]

---

[1] This Court previously interpreted 8 U.S.C. § 1225(b)(2) as not applying to noncitizens like Petitioner who have been residing in the country for years, as opposed to a noncitizen present in the United States who has recently arrived and is actively seeking admission. *See, e.g.*, *Guzman v. Bondi*, --- F. Supp. 3d ---, No. 1:25-CV-2055-RP, 2025 WL 3724465 (W.D. Tex. Dec. 23, 2025). This interpretation was recently rejected by a Fifth Circuit panel. *Buenrostro-Mendez v. Bondi*, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

[2] District courts may amend the timeline laid out in § 2243 where necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). "[I]t is well-settled that the strict time limit prescribed by § 2243 is 'subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases,' which are applicable to petitions filed under § 2241." *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *1 (W.D. La. June 28, 2019). However, here, recognizing the serious consequences of continued allegedly wrongful detention, the Court finds that, both equitably and prudentially, the timeline suggested in § 2243 is appropriate.

**IT IS ORDERED** that the referral of this case to the United States Magistrate Judge Susan Hightower, (Dkt. 2), is **VACATED** and that this matter be returned to the docket of the District Court Judge Robert Pitman.

**IT IS FURTHER ORDERED** that notice of electronic filing of the Petition, (Dkt. 1), and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[3] and Federal Rule of Civil Procedure 5.[4]

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition, (Dkt. 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before February 13, 2026**, as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus. Petitioner shall file a reply **on or before February 16, 2026**. Additionally, **on or before February 16, 2026**, either party may request a hearing to be scheduled after briefing is complete. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of

---

[3] The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-00083-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[4] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

**SIGNED** on February 10, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE